**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**TIRAN R. CASTEEL,**

    **Petitioner,**

    v.                                       **CASE NO. 21-3253-JWL**

**(FNU) LAMMERS, Warden,**
**USP-Leavenworth,**

    **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in federal custody at USP-Leavenworth in Leavenworth, Kansas. The Court has screened the petition (Docs. 1, 2) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action without prejudice for lack of statutory jurisdiction. The Court further denies Petitioner's motion to amend the petition to correct Respondents (Doc. 3). As the proper respondent in this case is the Warden of USP-Leavenworth, no correction is necessary.

**Background**

A jury found Petitioner guilty of Carjacking in violation of 18 U.S.C. § 2119, Tampering with a Witness in violation of 18 U.S.C. § 1512(a)(1)(A), Obstruction of Justice in violation of 18 U.S.C. § 1503, and Using or Carrying a Firearm in Relation to a Violent Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 924(c)(1)(A)(ii). On November 22, 2011, Petitioner was sentenced in the Southern District of Iowa to 319 months of incarceration. *United States v. Casteel*, Case No. 08-cr-00053 (S.D. Iowa). Petitioner appealed, and the Eighth Circuit Court of Appeals affirmed. *United States v. Casteel*, Case No. 11-3717 (8th Cir.).

Petitioner states that his competency at the time of sentencing was in issue. Upon motion

of defense counsel, the trial court approved the performance and completion of Petitioner's psychiatric evaluation by a Bureau of Prisons doctor, Ron Nieberding.  Doc. 1, at 11.  Dr. Nieberding concluded that Petitioner was competent despite suffering from mental illness.  After an evidentiary hearing, the court concluded Petitioner was competent to proceed with sentencing.  Doc. 2-1, at 10.

Petitioner claims that five years after he was sentenced, the trial court recognized that Dr. Nieberding's report "was false, and not supported by any record."  Doc. 1, at 2.  Petitioner further claims that the trial court "solely relied on Dr. Nieberding's Report . . . to make their decision, as competent to proceed to sentencing."  *Id*.

Petitioner states in his petition that he is challenging the validity of his conviction or sentence as imposed but that he has not filed a motion under 28 U.S.C. § 2255 that raised this issue.  *Id*. at 4.  Petitioner alleges that § 2255 is inadequate or ineffective to challenge his conviction or sentence because he "cannot satisfy the gatekeeping provisions of § 2255 because the new issue is not one of constitutional law."  *Id*. at 5.

Petitioner filed the instant petition under § 2241 alleging that the trial court's reliance on the flawed doctor's report caused his sentencing and all subsequent appeals to be tainted.  Petitioner seeks reversal of "everything" back to the original sentencing.  *Id*. at 8.  More than that, despite his earlier assertion to the contrary, he seeks a finding that he was incompetent to stand trial and immediate release from confinement.  *Id*.

**Analysis**

The Court must first determine whether § 2241 was the proper vehicle to bring Petitioner's claims.  Because "that issue impacts the court's statutory jurisdiction, it is a threshold matter." *Sandlain v. English*, 2017 WL 4479370 (10th Cir. Oct. 5, 2017) (unpublished) (finding that

whether *Mathis* is retroactive goes to the merits and the court must first decide whether § 2241 is the proper vehicle to bring the claim) (citing *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013)).

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Generally, the motion remedy under 28 U.S.C. § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Section 2255 has been found to be "inadequate or ineffective" only in "extremely limited circumstances." *Abernathy*, 713 F.3d at 547 (citations omitted). "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines*, 609 F.3d at 1073. A petitioner does not present one of these rare instances "simply by asserting his ability to file a § 2255 motion is barred by timing or filing restrictions." *Crawford v. United States*, 650 F. App'x 573, 575 (10th Cir. 2016) (unpublished) (citing *Sines*, 609 F.3d at 1073; *Haynes v. Maye*, 529 F. App'x 907, 910 (10th Cir. 2013) (unpublished) (noting fact that § 2255 motion is time-barred doesn't render § 2255 remedy inadequate or ineffective); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the [§ 2255] remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that

his circumstances preclude him from invoking it."). The Tenth Circuit has "noted only a few circumstances suggested by courts of appeal as rendering § 2255 inadequate or ineffective: abolition of the original sentencing court; the sentencing court's refusal to consider, or inordinate delay in considering, the § 2255 motion; and the inability of a single sentencing court to grant complete relief when sentences have been imposed by multiple courts." *Sines*, 609 F.3d at 1073 (citing *Caravalho v. Pugh,* 177 F.3d 1177, 1178 (10th Cir. 1999)).

The Tenth Circuit has held that "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) (stating that "the fact that Mr. Prost or his counsel may not have *thought* of a *Santos*-type argument earlier doesn't speak to the relevant question whether § 2255 *itself* provided him with an adequate and effective remedial mechanism for testing such an argument"). "The savings clause doesn't guarantee results, only process," and "the possibility of an erroneous result—the denial of relief that should have been granted—does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Id*. (emphasis in original).

Petitioner alleges that he could not raise the claim he brings here in his direct appeal or his post-conviction motions because the basis for his claim did not arise until 2016 when the sentencing court stated in a footnote to its order denying Petitioner's § 2255 motion that Dr. Nieberding's report contained a misstatement.[1] However, that footnote reveals that Petitioner was

---

[1] The footnote states in full as follows:
   Casteel notes that in the 2011 report, Nieberding set out Casteel's mental health evaluation history

4

aware of the error in the report and brought the error to the attention of the court in his § 2255 action. Whether or not Petitioner feels he fully argued that the trial court and the Eighth Circuit relied on the misstatement in Dr. Nieberding's report to find him competent to be sentenced, he had the opportunity to do so. "If 'a petitioner's argument challenging the legality of his detention *could have been* tested in an initial § 2255 motion . . . , then the petitioner may not resort to the savings clause and § 2241.'" *Lewis v. English*, 736 F. App'x 749, 752 (10th Cir. 2018) (quoting *Prost*, 636 F.3d at 584) (emphasis added).

Petitioner is attempting to draw a distinction between a claim based on the error in Dr. Nieberding's report and a claim based on the sentencing court's later recognition that the report contained an error. He states that the issue he raises here is "that the Court solely relied on that Report and 5 years later now states that Report was not true." Doc. 1, at 2. The Court does not agree that the sentencing court "solely" relied on Dr. Nieberding's report or that the sentencing court now says the report is "not true." Before sentencing Petitioner, the trial court held an evidentiary hearing on Petitioner's competence. Doc. 2-1, at 8, 10. Dr. Nieberding's report was only one piece of evidence. Doc. 2-1, at 10. While the report misstated that Petitioner had been restored to competence in 2005, Dr. Nieberding's conclusion that Petitioner was competent in 2011 at the time of sentencing was based on his own extensive testing and observation of Petitioner

---

related to his 2003 charges, noting that Casteel "was hospitalized for approximately four months (competency restoration) and was ultimately determined to be competent after this period of evaluation and treatment." *See* Movant's Supporting § 2255 Exhibits, Exhibit P at 4. No formal medical opinion or subsequent finding exists that Casteel was ever restored to competence four months after the 2005 evaluation. Nonetheless, the Court of Appeals relied on Nieberding's misstatement in ruling on his direct appeal. *See Casteel*, 717 F.3d at 642 ("Casteel also ignores the other record competency evidence, including "the 2005 competency restoration examination *that determined [Casteel's] competency had been restored*" and Dr. Nieberding's competence determination, which the district court found "consistent with its own observations of [Casteel] during and after trial.") (emphasis added).
The Court does not rely on this characterization of the record to reach any conclusions here.

Doc. 2-1, at 15 (*Casteel v. United States*, Case No. 14-cv-0123, Doc. 89, at 9 n.4 (S.D. Iowa)).

over three months.  *See* Doc. 2-1, at 5, 16.  Moreover, Dr. Nieberding testified correctly at the evidentiary hearing that Petitioner had been found incompetent to stand trial in 2004 and 2005, as Petitioner admits in his Petition.  Doc. 1, at 15.  The trial court stated that it found Dr. Nieberding's determination of competence "consistent with its own observations of [Casteel]" during and after trial.  Doc. 2-1, at 11.

Even if the trial court's later "recognition" of the misstatement in Dr. Nieberding's report created a new basis for Petitioner to challenge his sentencing, which this Court is not finding, Petitioner must pursue that claim by seeking approval from the Eighth Circuit to file a successive motion pursuant to § 2255(h).   Any procedural bar to his doing so "does not render § 2255 'inadequate or ineffective' under § 2255(e)."  *Warren v. United States*, 707 F. App'x 509, 512 (10th Cir. 2017).

The petitioner has the burden to show that the remedy under §2255 is inadequate or ineffective.  *Hale*, 829 F.3d at 1179.  Petitioner has failed to meet that burden.  The Court finds that the savings clause of § 2255(e) does not apply and therefore the Court lacks statutory jurisdiction.  *See id*. at 1174-75 (finding § 2255(e) savings clause unavailable where petitioner discovered possible juror misconduct after denial of § 2255 motion).

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend Petition for Writ of Habeas Corpus to Correct Respondents (Doc. 3) is **denied**.

**IT IS SO ORDERED**.

Dated November 10, 2021, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE